# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| IOWA SAFE SCHOOLS, *et al.*,<br><br>Plaintiffs–Appellees,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of the State of Iowa, et al.,<br><br>Defendants–Appellants. | No. 24-1075<br><br>**APPELLANTS' RENEWED MOTION TO STAY DISTRICT COURT PROCEEDINGS PENDING PRELIMINARY INJUNCTION APPEAL** |

Kim Reynolds, McKenzie Snow, Iowa Department of Education, and Iowa State Board of Education ("State Defendants") respectfully move this Court to stay the District Court proceedings during the pendency of the State Defendants' appeal of the order granting in part Plaintiffs' preliminary injunction.

## INTRODUCTION

This case is set for oral argument in this Court on June 11, 2024. But the District Court just allowed Plaintiffs to renew motions practice, including allowing them to file a motion for leave to amend their complaint—even though it is clear their amended allegations seek to, in part, buttress their standing weaknesses that are the primary issues on

1

appeal—and a renewed motion for preliminary injunction. State Defendants' current response deadline for the latter motion is June 6, 2024—5 days before this Court hears oral argument.

Last time we were before this Court requesting it to stay the District Court proceedings, we argued for a stay because the appropriate legal standards for the questions presented were unclear, and further proceedings below risked creating a jurisdictional mess. That mess has now been made.

On May 21, 2024, Plaintiffs moved for leave to begin motions practice in the District Court, and to renew their motion for preliminary injunction. R. Doc. 88. The motion was plainly opposed on its face, and the Local Rules in the Southern District of Iowa typically give parties 14 days to oppose, or at least provide for notice that the window to respond would be shortened. S.D. Iowa L.R. 7(e). Despite this, the District Court summarily granted the opposed motion 49 hours after it was filed, without reviewing an opposition, and without explanation. R. Doc. 89.

State Defendants, within two hours, moved for reconsideration—largely turning their yet-to-be-filed resistance into a motion for reconsideration. R. Doc. 92. State Defendants also requested a stay

2

pending this Court's review of a renewed motion for a stay. The District Court denied that motion earlier today. R. Doc. 94. State Defendants' request for extension of time to oppose Plaintiffs' motions is pending, R. Doc. 96, but because time is short, resources are thin, and oral argument is around the corner, State Defendants renew their request for relief from this Court.

When this Court previously denied State Defendants' request for a stay without prejudice, it said that "should circumstances materially change," State Defendants should renew the request. *See* Judge Order, CA8 No. 24-1075 (Feb. 29, 2024). Circumstances have materially changed.

Now, the very problems State Defendants were trying to avoid are here. If the District Court grants leave to amend and grants the renewed preliminary injunction motion, there might be dual holdings, and parts of this appeal, which is fully briefed and set to be argued in just 18 days, might be rendered moot.

This Court's intervention is needed to allow the appeal to play out in a normal—though expedited—course.

## FACTS AND PROCEDURAL HISTORY

State and federal law set educational standards in Iowa schools. The Legislature enacted SF496 consistent with its obligation to set the State standards. Plaintiffs here—nine current Iowa students and an organization—challenge SF496. Plaintiffs brought a facial challenge to enjoin enforcement of SF496 and then asked for a preliminary injunction to enjoin enforcement of three sections of the law: the State's decision about what books remain on school library shelves ("Library Program"); the school's duty to not mislead parents if a student seeks significant social or medical attention ("Parental Notice Section"); and a curriculum standard that reserves school instruction on "gender identity" and "sexual orientation" until after sixth grade ("Instruction Section"). *See* R. Doc. 1 (complaint); R. Docs. 2, 53, 59 (preliminary injunction briefing).

The District Court enjoined enforcement of the Library Program and the Instruction Section but concluded that none of the students, all with parents willing to file this lawsuit on their behalf and all who filed an affidavit acknowledging their own LGBT status, had standing to challenge the Parental Notice Section. R. Doc. 65. State Defendants timely appealed that order. R. Doc. 66.

State Defendants then moved to stay the District Court proceedings pending the appeals here and in the companion case *Penguin Random House v. Robbins*, 4:23-cv-478, R. Doc. 63. *See* R. Doc. 69 (motion to stay District Court proceedings). The District Court granted the stay in *Penguin Random House*, and temporarily granted the stay here before lifting it in part. *See* R. Doc. 76.

The stay order, as amended, permitted the parties to engage in motion practice and limited discovery only if (1) related to the Parental Notice Section and (2) *not* related to either the Instruction Section or the Library Program. *Id.* at 4–5. The District Court explained that "it is *possible* the Eighth Circuit" will dispose of the preliminary-injunction appeal based on deficiencies in the record so the parties should not "*per se* be deprived of the ability to develop the record further through discovery." *Id.* (emphasis added).

State Defendants then moved in this Court for a stay of District Court proceedings pending disposition of the appeal. This Court denied the motion, while noting that State Defendants could renew the motion "should circumstances materially change." See Judge Order, CA8 No. 24-1075 (Feb. 29, 2024).

Circumstances have materially changed. Plaintiffs sought to do more than just "develop the record further through discovery." They sought—and now have been allowed—to begin motions practice to renew their motion for a preliminary injunction and to seek leave to amend their complaint.

Plaintiffs engaged in meet-and-confer discussions with all Defendants (including some who are not parties to this appeal) over (1) a motion to engage in limited discovery, (2) a motion for leave to amend the complaint, and (3) a renewed motion for a preliminary injunction. *See* R. Doc. 92-1. State Defendants did not oppose the motion for leave to engage in limited discovery because they believed that motion complied with the partial stay order. *Id.* at 4–5.

State Defendants, however, did oppose the other motions because they related to the Instruction Section, and the partial stay order blocked further proceedings on that provision. *Id.* State Defendants explained that, given the nature of Plaintiffs' desired amended allegations, the proposed motions practice would create a jurisdictional mess and risk dual holdings, among many other problems. Indeed, Plaintiffs sought to add allegations to support their Instruction Section challenge. *See, e.g.*,

Proposed First Amended Complaint, R. Doc. 88-3 ¶¶ 118, 119, 123, 127, 321–326. And they sought to add allegations to buttress their organizational and individual standing to challenge the Instruction Section. *See, e.g.*, *id.* at ¶¶ 133–141, 249. All the while oral argument is set in this fully-briefed case in this Court for June 11, 2024, and, as it pertains to Plaintiffs' case, the appeal deals primarily with issues relating to Plaintiffs' standing.

So State Defendants proposed a status conference or proceeding on joint motion to resolve the dispute most efficiently, and to allow the District Court to weigh in on what it deemed proper given the partial stay. R. Doc. 92-1 at 3, 5.

But Plaintiffs said they preferred opposed motion practice. *See* R. Doc. 92-1 at 2. When Plaintiffs filed their motion, they noted: "None of the Defendants would agree to the filing of a Motion to Amend the Complaint or a renewed Motion for Preliminary Injunction. In the end, the attempt to proceed by consent was unsuccessful." R. Doc. 88, ¶ 11.

Typically in the Southern District of Iowa parties are allowed 14 days after a contested motion is served to file a resistance. S.D. Iowa L.R.

7(e). When a party fails to timely resist within those 14 days, then "the motion may be granted without notice." S.D. Iowa L.R. 7(f).

But here the Court granted Plaintiffs' motion without notice just 49 hours after it was filed, R. Doc. 89, cutting off Defendants' ability to explain its opposition to the motion despite its opposed nature being clear on the face of the motion and in its attachments. *See, e.g.*, R. Doc. 88-4. Notably, Plaintiffs had not even sought expedited relief.

Less than two hours later, and right as State Defendants were filing their Motion for Reconsideration of that text order, R. Doc. 92, Plaintiffs filed their motion for leave to amend their complaint, R. Doc. 90. They also prematurely filed a renewed motion for preliminary injunction, which is based on the yet-to-be-accepted amended complaint and which should not be considered ripe unless and until the motion for leave to amend is granted and amended complaint filed. R. Doc. 91, at 1. In Plaintiffs' own words: "Plaintiffs' amended complaint and renewed motion for preliminary injunction provide sufficient evidentiary and legal support for the Court to enjoin the [Parental Notice Section]." *Id.*

State Defendants sought reconsideration and asked the District Court to stay its order to give this Court a chance to weigh in on whether

8

a stay pending the remainder of the appeal is now warranted. R. Doc. 92. The District Court denied the motion and told State Defendants to raise their objections in the very motions practice to which State Defendants objected in the first place. R. Doc. 94. The District Court struck Plaintiffs' motion for leave to amend without prejudice for failure to comply with the Local Rules, R. Doc. 95; but it is expected that Plaintiffs will refile that motion in the very near future.

So State Defendants have now moved the District Court for an extension of time to respond to Plaintiffs' various motions. R. Doc. 96. That request remains pending. Meanwhile, deadlines on the renewed preliminary injunction motion continue to run, all while State Defendants are preparing for a June 11 oral argument in this Court.

## ARGUMENT

Courts often stay further proceedings in the district court pending appeal of an injunction, both to preserve the status quo and to conserve judicial and party resources. *See, e.g.*, *Frable v. Synchrony Bank*, 215 F.Supp.3d 818, 821 (D. Minn. 2016) (factors to consider include "the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases,

9

and hardship or inequity to the party opposing the stay"). And that makes sense. While parties litigate an initially prevailing theory on appeal, the winning party cannot seek the same remedy under a different theory in the district court. *Cf. Liddell by Liddell v. Bd. of Educ. of City of St. Louis*, 73 F.3d 819, 823 (8th Cir. 1996) (a party cannot appeal denial of attorneys' fees to federal court of appeals and then turn around and seek the same fees from the district court under another theory of recovery).

Staying the District Court proceedings pending this appeal will maintain the status quo and prevent causing prejudice to State Defendants, while causing Plaintiffs no harm. Each of the factors that this Court addresses in weighing whether to grant a stay of district court proceedings during the pendency of an injunction warrant a stay while the injunction precluding enforcement remains in place on appeal. *See Frable*, 215 F.Supp.3d at 821.

Plaintiffs received the remedy they sought when the District Court preliminarily enjoined enforcement of the Library Program and the Instruction Section. Plaintiffs were unsatisfied with that outcome. But rather than take a cross-appeal, Plaintiffs went a different direction.

After waiting more than four months from when the District Court granted the preliminary injunction, and weeks after the appeal was fully briefed in this Court, Plaintiffs decided to buttress the standing weaknesses that are the primary issues on appeal. Despite the partial stay order's clear command that only proceedings related to the Parental Notice Section of SF496 could proceed, R. Doc. 76 at 4, Plaintiffs have been allowed to engage in additional motions practice, seeking leave to amend their complaint to buttress their allegations to, in part, support their challenge to the Instruction Section. *See, e.g.*, Proposed First Amended Complaint, R. Doc. 88-3 ¶¶ 118, 119, 123, 127, 321–326. Plaintiffs also want to assert their organizational and individual standing to challenge the Instruction Section. *See, e.g., id.* at ¶¶ 133–141, 249.

The District Court found that only A.C. had standing to challenge the Instruction Section of SF496. R. Doc. 65 at 22. If this Court determines A.C. does not have standing to challenge the Instruction Section, then that Section will no longer be preliminarily enjoined. *See, e.g.*, *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) ("At least one plaintiff must have standing to seek each form of relief

requested in the complaint."). However, if leave to amend is granted now, then Plaintiffs will surely try to assert associational or organizational standing to buttress their current theory of standing. To be clear: amending the complaint during the pending appeal will create a jurisdictional mess.

Further compounding the mess below, Plaintiffs may moot one or more of the issues they won below and deprive State Defendants of their ability to appeal that ruling. That is highly disfavored. *See, e.g.*, *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 75 (1997) ("It would certainly be a strange doctrine that would permit a plaintiff to obtain a favorable judgment, take voluntary action that moots the dispute, and then retain the benefit of the judgment.") (alterations adopted).

Additionally, allowing Plaintiffs to amend at this stage would be inequitable. State Defendants have done everything in their power to ensure the preliminary injunction proceedings are resolved before the start of next school year, including by promptly taking their appeal of the preliminary injunction and moving for expedited consideration before this Court.

This is particularly true given Plaintiffs have already had their chance to seek preliminary relief from the District Court. Allowing them to amend the complaint and renew the motion for a preliminary injunction would give them a second bite at the apple. After all, "a party's inequitable conduct can make equitable relief inappropriate," and there is nothing more inequitable than trying to take a second bite at the apple after Plaintiffs already had a full and fair opportunity to seek preliminary relief from the district court. *Ramirez v. Collier*, 595 U.S. 411, 434 (2022); *see also Gomez v. U.S. Dist. Ct. for N. Dist. of California*, 503 U.S. 653, 653–54 (1992) (per curiam) (denying equitable relief when the plaintiff took four bites at the apple for habeas relief).

A stay will also allow this Court to clarify the standards courts must use to assess the challenged sections of SF496. Every facet of this litigation going forward—motions to dismiss, discovery, summary judgment, and trial—will be affected by this Court's eventual disposition. *See, e.g.*, *Myers v. Iowa Bd. of Regents*, 2020 WL 6387376, at *1 (S.D. Iowa July 9, 2020) (staying district court proceedings while issues resolved on appeal). And the other lawsuit addressed in the District Court's opinion

remains stayed in full as to the State Defendants. *See Penguin Random House v. Robbins*, 4:23-cv-478, R. Doc. 63.

* * *

State Defendants' resources are strapped thin. At this time, State Defendants are expected to (1) prepare for oral argument in this Court, which is on June 11, (2) prepare an opposition to the motion for a preliminary injunction—that is based on an inoperative amended complaint—which is presently due June 6, (3) prepare an opposition to the expected motion for leave to amend, which will be due 14 days after Plaintiffs file it, as soon as June 6, (4) prepare oppositions to motions for a preliminary injunction in an unrelated case pending before the same federal district court brought by some of the same opposing counsel as present here, due May 31, and present argument in that hearing June 10, and (5) cover for lead counsel in this case, who is getting married over this Memorial Day weekend. Not to mention State Defendants' counsels' regular docket. More, State Defendants will face prejudice if they must redo motions practice and discovery after this Court's disposition on the injunction appeal—even if they get an opportunity to re-brief the issues addressed after this Court issues an opinion.

Meanwhile, there is less urgency for Plaintiffs' proposed motions practice. Summer is nearly here. State Defendants agreed to early scheduling of oral argument on appeal. And it can be expected that this Court will issue its ruling and have this case back before the District Court in time to proceed on motions ahead of the Fall 2024 school semester. A stay would not prejudice Plaintiffs.

The District Court has allowed this case to become a jurisdictional mess, at worst, and a highly inefficient (i.e., disfavored) dual-track case, at best. This Court's intervention is needed. A stay of all District Court proceedings pending this Court's review is warranted.

## CONCLUSION

This Court should stay District Court proceedings until this Court's mandate issues from the appeal of the preliminary injunction.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

/s/ *Eric Wessan*
Eric Wessan
Solicitor General

/s/ *Patrick C. Valencia*
Patrick C. Valencia
Deputy Solicitor General

/s/ *Daniel Johnston*
Daniel Johnston
Assistant Attorney General

Iowa Department of Justice
Hoover State Office Building
Des Moines, Iowa 50319
(515) 823-9117 / (515) 281-5191
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov
patrick.valencia@ag.iow.gov
daniel.johnston@ag.iowa.gov

ATTORNEYS FOR STATE DEFENDANTS

16

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this document contains 2,800 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). As required by Fed. R. App. P. 27(d)(1)(E), it also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ *Patrick C. Valencia*
Deputy Solicitor General

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 24, 2024, this motion was electronically filed with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

/s/ *Patrick C. Valencia*
Deputy Solicitor General